**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ASHLEY PANCOTTO,                                )
                                                )
        Plaintiff,                          )
                                                )    No. 1:17-cv-8807
      v.                                     )
                                                )
PRATESI LINENS, INC. a New York Corporation )
and ADAM DEMPELWOLF,                            )
                                                )
        Defendants.                         )

## COMPLAINT AT LAW

NOW COMES the Plaintiff, ASHLEY PANCOTTO ("Plaintiff" or "PANCOTTO"), by and through her attorneys, the Law Offices of Eugene K. Hollander, and for her Complaint At Law, states as follows:

## JURISDICTION

1. This is a suit in equity authorized and instituted pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) – 2. Jurisdiction of this court is based upon a federal question, 28 U.S.C. § 1331. The jurisdiction of this court is invoked to secure protection of and to address deprivation of rights secured by 42 U.S.C. § 2000(e) – 2, providing for declaratory, injunctive and other relief against employment discrimination based upon sex, and pursuant to 29 U.S.C. §201 *et. seq.* The court has supplemental jurisdiction over PANCOTTO's state law claims pursuant to 28 U.S.C. §1367.

2. Venue is proper under 28 U.S.C. § 1391 (B). The Defendants reside or resided in this district and the events giving rise to Plaintiff's claims occurred here.

3. All conditions precedent to jurisdiction have occurred or been complied with, to-wit:

    **a.** Plaintiff, filed a charge of discrimination, Charge No. 440-2017-04349, with the the Equal Employment Opportunity Commission ("EEOC") on June 14, 2017, a copy of which is attached hereto as **Exhibit 1.**

    **b.** Plaintiff was issued a notice of right to sue for Charge No. 21B-2016-00513 by the EEOC on June 22, 2017, a copy of which is attached hereto as **Exhibit 2.**

    **c.** The parties subsequently entered into a Tolling Agreement, attached hereto as **Exhibit 3**, which allowed Plaintiff to file the instant action beyond the time set forth in the right to sue letter.

## PARTIES

4. PANCOTTO is a citizen of the United States and the State of Illinois and resides in Chicago, Cook County. Illinois.

5. PANCOTTO was a member of a protected class under Title VII of the United States Code when the unlawful employment practices occurred.

6. PRATESI LINENS, INC., (herein, "PRATESI LINENS"), is a New York corporation and is in the business of selling luxury linens throughout the world. During all relevant times herein, Defendant operated a retail store located at 67 E. Oak Street, Chicago, Cook County, Illinois.

7. PANCOTTO was employed by PRATESI LINENS at its Chicago store and was an "employee" as that term is defined by Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b).

8. PRATESI LINENS is an employer as that term is defined under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b).

9.     ADAM DEMPELWOLF, ("DEMPELWOLF"), was the store manager of PRATESI LINENS' Chicago retail location, and was Plaintiff's supervisor.

## BACKGROUND FACTS

10.     PANCOTTO was hired by PRATESI LINENS in or around June, 2012 as a Customer Service Representative at Defendant PRATESI LINENS' Chicago retail store.

11.     During the course of her employment, PANCOTTO was subjected to sexual harassment in that she was subjected to a hostile work environment by DEMPELWOLF.   Specifically, on numerous occasions, DEMPELWOLF repeatedly made sexual remarks to Plaintiff and showed her explicit sexual images.

12.     On many occasions, PANCOTTO made it clear to DEMPELWOLF that his behavior was offensive and unwelcome.

13.     DEMPELWOLF, however, ignored PANCOTTO's repeated complaints and continued to sexually harass her.

14.     From Plaintiff's date of hire up to and through May 16, 2017, PANCOTTO periodically waited on an unnamed male customer.

15.     Said customer repeatedly made sexual remarks to PANCOTTO which were not welcome and made the workplace sexually hostile.

16.      DEMPELWOLF was present on one or more occasions when the unnamed customer made sexual remarks to PANCOTTO.

17.     On multiple occasions PANCOTTO complained to DEMPELWOLF that she felt unsafe because of the customer's sexually threatening conduct and requested that

3

PRATESI LINENS hire more staff and/or undertake appropriate security measures to protect her.

18.     On multiple occasions, PANCOTTO complained about DEMPELWOLF's illegal conduct and that the store lacked inadequate security to SUSAN REDD, Regional Manager of Defendant PRATESI LINENS. REDD brushed off PANCOTTO's concerns and refused to take any action.

19.     On May 16, 2017, DEMPELWOLF left PANCOTTO alone in the store. On that date, the unnamed male customer came into the store and sexually assaulted PANCOTTO.

<u>**COUNT I – TITLE VII**</u>
<u>**SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT –**</u>
<u>**PRATESI LINENS, INC.**</u>

20.     PANCOTTO reincorporates and realleges Paragraphs 1 through 19 as though more fully set forth herein.

21.     As a result of the inappropriate and unwelcome sexual behavior perpetrated by DEMPELWOLF toward PANCOTTO, and the subsequent sexual assault of the Plaintiff by the unnamed male customer, her work environment was sexually hostile. Defendant PRATESI LINENS's failure to take any steps to stop this behavior amounted to condonation, ratification, approval, and perpetuation of the sexually charged behavior and the sexually hostile work environment.

22.     By creating, condoning, and perpetuating a sexually hostile work environment, Defendant has intentionally and with reckless indifference and disregard violated Title VII of the Civil Rights Act of 1991.

23. Defendant's condonation, ratification, approval, and perpetuation of its employee's sexual behavior has caused PANCOTTO to suffer severe humiliation, embarrassment, degradation, and emotional distress.

24. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, ASHLEY PANCOTTO, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violative of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

2. Permanently enjoin Defendant PRATESI LINENS, INC., its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate or harass on the basis of sex;

4. Immediately assign Plaintiff to that job she would now be occupying but for the sexually hostile practices of Defendant, and adjust the wage rates, salaries, and benefits for Plaintiff to those which she would be enjoying but for the sexually hostile practices of Defendant, or, if this is impossible, award Plaintiff front-end pay;

5.     Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that she would have received but for the sexually hostile practices of Defendant;

6.     Award Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees;

7.     Award Plaintiff punitive damages for Defendant's willful conduct; and

8.     Grant such other relief as may be just and proper.

## COUNT II – ILLINOIS GENDER VIOLENCE ACT – 740 ILCS 82/1, ET. SEQ. – ADAM DEMPELWOLF

25.     Plaintiff reincorporates and realleges paragraphs 1 through 19 as though more fully set forth herein.

26.     During the course of PANCOTTO's employment with PRATESI LINENS, Defendant DEMPELWOLF threatened to commit one or more acts of violence or physical aggression against PANCOTTO, because she was female.

27.     Said threats of acts of violence and/or physical aggression constituted an assault under Illinois law.

28.     Said threats of acts of violence and/or physical aggression constituted a physical intrusion or physical invasion of a sexual nature under coercive conditions, which if carried out, would satisfy the elements of battery under Illinois law.

29.     As a direct and proximate cause of the unlawful conduct alleged herein, PANCOTTO has suffered pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

30.     Plaintiff demands a trial by jury.

**WHEREFORE**, ASHLEY PANCOTTO respectfully prays that this Honorable Court enter a judgment against Defendant ADAM DEMPELWOLF for a sum in excess of $75,000.00 as and for compensatory damages, $1,000,000.00 as and for punitive damages, award PANCOTTO her reasonable attorneys' fees and all costs of this action.

## COUNT III – ILLINOIS GENDER VIOLENCE ACT – 740 ILCS 82/1, ET. SEQ. – PRATESI LINENS, INC.

31.     Plaintiff reincorporates and realleges paragraphs 1 through 19 as though more fully set forth herein.

32.     Plaintiff reincorporates and realleges paragraphs 25 through 30 as though more fully set forth herein.

33.     During all relevant times herein, DEMPELWOLF was a Supervisor of Defendant PRATESI LINENS, and through his acts as described herein, and the acts of the unnamed male customer as described herein, Defendant PRATESI LINENS encouraged, enabled, assisted and/or sanctioned DEMPELWOLF and the customer's acts of violence and/or physical aggression, in that it failed to prevent said individuals from sexually assaulting PANCOTTO that either constituted a battery under Illinois law or otherwise created a reasonable apprehension of a battery because of her gender.

34.     By failing to act to prevent said acts of violence or physical aggression, the Defendant PRATESI LINENS knowingly and willingly allowed said acts of violence or physical aggression against PANCOTTO to continue.

35.     Plaintiff demands a trial by jury.

**WHEREFORE**, ASHLEY PANCOTTO respectfully prays that this Honorable Court enter a judgment against Defendant PRATESI LINENS, INC. for a sum in excess

of $75,000.00 as and for compensatory damages, $1,000,000.00 as and for punitive damages, award PANCOTTO her reasonable attorneys' fees and all costs of this action.

<u>**COUNT IV – NEGLIGENT SUPERVISION AND RETENTION –
PRATESI LINENS, INC.**</u>

36.     Plaintiff reincorporates and realleges paragraphs 1 through 19 as though more fully set forth herein.

37.     During the course of her employment at Defendant PRATESI LINENS, PANCOTTO was assaulted by Defendant DEMPELWOLF and was subjected to a sexually hostile work environment by an unnamed male customer.

38.     PANCOTTO complained to Defendants DEMPELWOLF and PRATESI LINENS about DEMPELWOLF's and the third party's sexual harassment.

39.     Defendant was negligent in supervising DEMPELWOLF and retaining him in his position as it had actual knowledge of DEMPELWOLF's particular unfitness as a Supervisor as he fostered a sexually hostile work environment and failed to institute proper security, despite repeated complaints to management.

40.     Defendant PRATESI LINENS owed PANCOTTO a duty to properly investigate its candidates for employment, including DEMPELWOLF, and further owed Plaintiff a duty to properly supervise said employee so that he would institute the necessary security measures to protect Defendant's employees, including PANCOTTO.

41.     Notwithstanding said duty as alleged, Defendant breached said duty by carelessly and negligently:

> a.  Failing to terminate DEMPELWOLF's employment when it knew or should have known of his negligent conduct;
>
> b.  Failing to otherwise discipline DEMPELWOLF when it knew or should have known of his negligent conduct;

8

c. Failing to conduct a proper investigation of DEMPELWOLF's management after PANCOTTO complained regarding a lack of security;

d. Failing to warn and/or otherwise protect the Plaintiff from DEMPELWOLF's lack of management.

42. As a direct and proximate result of DEFENDANT's breaches as set forth above, PANCOTTO suffered great mental anguish, embarrassment, emotional distress and pecuniary losses.

43. Plaintiff demands a trial by jury.

**WHEREFORE**, ASHLEY PANCOTTO respectfully prays that this Honorable Court enter a judgment against Defendant PRATESI LINENS, INC. for a sum in excess of $75,000.00 as and for compensatory damages, $1,000,000.00 as and for punitive damages, award PANCOTTO her reasonable attorneys' fees and all costs of this action.

## COUNT V – WILLFUL AND WANTON SUPERVISION AND RETENTION – PRATESI LINENS, INC.

44. Plaintiff reincorporates and realleges paragraphs 1 through 19 as though more fully set forth herein.

45. During the course of her employment at Defendant PRATESI LINENS, PANCOTTO was assaulted by Defendant DEMPELWOLF and was subjected to a sexually hostile work environment by an unnamed customer.

46. PANCOTTO complained to Defendants DEMPELWOLF and PRATESI LINENS about DEMPELWOLF's and the third party's sexual harassment.

47. Defendant PRATESI LINENS acted recklessly in supervising DEMPELWOLF and retaining him in his position as it had actual knowledge of DEMPELWOLF's particular unfitness as a Supervisor as he fostered a sexually hostile

9

work environment and failed to institute proper security, despite repeated complaints to management.

48.     Defendant PRATESI LINENS owed PANCOTTO a duty to properly investigate its candidates for employment, including DEMPELWOLF, and further owed Plaintiff a duty to properly supervise said employee so that he would institute the necessary security measures to protect Defendant's employees, including PANCOTTO.

49.     Notwithstanding said duty as alleged, Defendant breached said duty by willfully and wantonly:

   a. Failing to terminate DEMPELWOLF's employment when it knew or should have known of his reckless conduct;

   b. Failing to otherwise discipline DEMPELWOLF when it knew or should have known of his reckless conduct;

   c. Failing to conduct a proper investigation of DEMPELWOLF's management after PANCOTTO complained regarding a lack of security;

   d. Failing to warn and/or otherwise protect the Plaintiff from DEMPELWOLF's lack of management.

50.     As a direct and proximate result of Defendant's breaches as set forth above, PANCOTTO suffered great mental anguish, embarrassment, emotional distress and pecuniary losses.

51.     Plaintiff demands a trial by jury.

**WHEREFORE**, ASHLEY PANCOTTO respectfully prays that this Honorable Court enter a judgment against Defendant PRATESI LINENS, INC. for a sum in excess of $75,000.00 as and for compensatory damages, $1,000,000.00 as and for punitive damages, award PANCOTTO her reasonable attorneys' fees and all costs of this action.

Respectfully submitted,

**ASHLEY PANCOTTO,**
Plaintiff,

By:    <u>s/ Eugene K. Hollander</u>
       One of her attorneys

Eugene K. Hollander
Paul W. Ryan
Jonathan M. Hoeven
**The Law Offices of Eugene K. Hollander**
230 W. Monroe
Suite 1900
Chicago, IL 60606
(312) 425-9100
ehollander@ekhlaw.com
pryan@ekhlaw.com
jhoeven@ekhlaw.com

11